NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 15 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA DE JESUS VALLADARES JUAREZ, et al., <br><br>         Petitioners, <br><br>   v. <br><br> TODD BLANCHE, Acting Attorney General. <br><br>         Respondent. | No. 22-2007 <br><br> Agency Nos. <br> A074-390-891 <br> A208-920-120 <br><br> MEMORANDUM[*] |

On Petitioner for Review of an
Order of the Board of Immigration Appeals

Submitted June 30, 2026[**]

Before: GOULD, MENDOZA, JR., and DESAI, Circuit Judges.

Petitioners Maria de Jesus Valladares Juarez and her minor son, natives and

citizens of Mexico, petition for review of the Board of Immigration Appeals'

("BIA") dismissal of their appeal from an Immigration Judge's ("IJ") denial of

asylum, withholding of removal, and protection under the Convention Against

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  We deny the petition.

Where the BIA issues its own decision while relying in part on the IJ's reasoning, "we review both . . . decisions."  *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022) (quoting *Ali v. Holder*, 637 F.3d 1025, 1028 (9th Cir. 2011)).  We review factual findings for substantial evidence.  *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021).  Under that standard, we must uphold the agency's findings unless "any reasonable adjudicator would be compelled to conclude to the contrary."  8 U.S.C. § 1252(b)(4)(B).  We review due process claims de novo.  *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006).

Substantial evidence supports the agency's denial of asylum.  Even assuming petitioner testified credibly, the record does not compel the conclusion that she suffered past persecution or has an objectively reasonable fear of future persecution on account of a protected ground.  *See Sharma v. Garland*, 9 F.4th 1052, 1060 (9th Cir. 2021) ("Because it is an extreme concept, persecution 'does not include every sort of treatment our society regards as offensive.'" (quoting *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir. 1995))).  The agency reasonably concluded that the threats and harms petitioner described arose from a personal dispute involving her husband, his family, and the custody of their children, rather than from animus toward a protected social group.  Family membership can undoubtedly constitute a cognizable particular social group, *see Rios v. Lynch*, 807

F.3d 1123, 1128 (9th Cir. 2015) ("[T]he family remains the quintessential particular social group."). But, in this instance, substantial evidence supports the agency's finding that petitioner failed to show that her family membership was one central reason for the feared harm. *See Parussimova v. Mukasey*, 555 F.3d 734, 740–41 (9th Cir. 2009) (as amended).

Substantial evidence also supports the agency's rejection of petitioner's witness-based social group. The agency acknowledged that witnesses who publicly cooperate with law enforcement may sometimes constitute a cognizable particular social group. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092–93 (9th Cir. 2013) (en banc). But petitioner did not testify publicly in open court against her husband or otherwise publicly cooperate in formal proceedings. The record instead reflects alleged rumors or accusations that she was somehow responsible for her husband's arrest. The agency was not compelled to conclude that such rumors established either membership in a cognizable witness-based group or nexus to that group.

Nor does the record compel relief based on petitioner's proposed group of "battered women." The agency reasonably concluded that this theory was not adequately developed before the IJ and that petitioner did not identify additional evidence that would establish eligibility for relief on that basis. In any event, the record does not compel the conclusion that future harm would occur on account of

membership in that proposed group rather than because of the same personal dispute identified by the agency.

Substantial evidence further supports the agency's conclusion that petitioner failed to establish an objectively reasonable fear of future persecution. Because the agency reasonably found no past persecution, petitioner was not entitled to a presumption of future persecution. *See* 8 C.F.R. § 1208.13(b)(1). The agency permissibly relied on evidence that several of petitioner's family members remained in Mexico without harm, that her husband had been jailed by Mexican authorities, that her fear of kidnapping by government-connected individuals was omitted from her asylum application, and that country-conditions evidence did not compel a contrary conclusion. *See Tamang v. Holder*, 598 F.3d 1083, 1094–95 (9th Cir. 2010) (outlining the future persecution standard and noting that "because [the petitioner's] fear of future persecution rests solely upon threats received by his family, it is especially significant that his family voluntarily returned to Nepal and continues to live there unharmed.").

The agency also did not err in denying withholding of removal. Petitioner argues that the IJ improperly used the asylum standard to deny withholding of removal. Although the IJ initially stated that failure to satisfy asylum's burden necessarily meant failure to satisfy withholding's burden, the IJ and BIA recognized the distinct withholding standard and affirmed because petitioner failed

to establish the required nexus even under the "a reason" standard. *See Barajas-Romero v. Lynch*, 846 F.3d 351, 359–60 (9th Cir. 2017). Because substantial evidence supports the agency's finding that the feared harm was not on account of a protected ground, petitioner's claim for withholding of removal fails. *See Garcia*, 988 F.3d at 1146.

Substantial evidence supports the agency's denial of CAT protection. To obtain CAT relief, petitioner was required to show that it is more likely than not that she would be tortured by, or with the consent or acquiescence of, public officials if removed to Mexico. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). We conclude that the record does not compel that conclusion. The agency reasonably relied on the absence of particularized evidence that petitioner herself would more likely than not be tortured, the fact that Mexican authorities jailed her husband, the lack of evidence that officials would acquiesce in any future harm, and country-conditions evidence showing generalized violence but not a particularized likelihood of torture. *See Delgado-Ortiz v. Holder*, 600 F.3d 1148, 1152 (9th Cir. 2010) (per curiam) ("Petitioners' generalized evidence of violence and crime in Mexico is not particular to Petitioners and is insufficient to meet this standard.").

Petitioner's due process arguments also fail. She contends that the IJ violated due process by refusing to hear testimony from her children, limiting her presentation of evidence, and failing to adequately develop the record while she

appeared pro se.  The record does not show that the proceedings were "so fundamentally unfair that [petitioner] was prevented from reasonably presenting [her] case." *Ibarra-Flores*, 439 F.3d at 620 (citation modified).  Rather, the IJ asked petitioner what her children would add beyond confirming her own testimony, and the agency reasonably concluded that the proposed testimony was cumulative.  *See Pagayon v. Holder*, 675 F.3d 1182, 1191–92 (9th Cir. 2011) ("Petitioner must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (quoting *Reyes-Melendez v. INS*, 342 F.3d 1001, 1007 (9th Cir. 2003))).

For similar reasons, petitioner has not shown that the IJ failed to adequately develop the record.  The record reflects that the IJ advised her of her right to counsel, continued proceedings to permit her to obtain counsel, accepted her asylum application, informed her that she could submit documents and present witnesses, and asked questions regarding the basis for her fear of returning to Mexico.  Although IJs have a duty to develop the record for pro se applicants, *see Agyeman v. INS*, 296 F.3d 871, 877 (9th Cir. 2002), petitioner has not shown that any asserted deficiency caused prejudice.

Finally, the BIA did not abuse its discretion in declining to remand based on new evidence submitted on appeal, including the marriage certificate and death certificates for petitioner's sons.  *See Movsisian v. Ashcroft*, 395 F.3d 1095, 1098

(9th Cir. 2005). The BIA reasonably concluded that the marriage certificate merely confirmed the marriage, and that the death certificates did not establish that cartel members caused the deaths or that the evidence would likely change the outcome of the proceedings.

**PETITION DENIED.**